FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

2010 SEP 20  A 10: 22

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. 3:10CV664 |
| Plaintiff, | COMPLAINT |
| v. | **JURY TRIAL DEMAND** |
| CAVALIER TELEPHONE, LLC | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of age and retaliation, and to provide appropriate relief to Leonard Pearson, Benjamin Heaney and a class of applicants who were adversely affected by such practices. The United States Equal Employment Opportunity Commission ("Commission" or "Plaintiff") alleges that Defendant Cavalier Telephone, LLC ("Defendant" or "Cavalier") committed unlawful employment practices in violation of the ADEA by subjecting Benjamin Heaney and Leonard Pearson to adverse employment action because of their age and in retaliation for engaging in protected activity. The Commission further alleges that Defendant failed to hire applicants who were in the protected age group into its Account Executive (sales) positions because of their age, 40 and older. Lastly, the Commission alleges that Respondent violated the recordkeeping requirements of the ADEA and the Commission's Regulations at 29 C.F.R. § 1627.3.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) ("ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217; and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Richmond Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been doing business in the State of Virginia and the City of Richmond and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.  Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, both Leonard Pearson and Benjamin Heaney filed charges of discrimination with the Commission alleging violations of the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  <u>Leonard Pearson.</u> In or around October 2003, Defendant engaged in unlawful employment practices in its mid-Atlantic region in violation of Section 4(a)(1) and 4(d) of the ADEA, 29 U.S.C. § 623(a)(1) and § 623(d). Specifically, Defendant subjected Leonard Pearson to adverse employment action because of his age and in retaliation for engaging in protected activity when it demoted him from his position as Sales Director at its Herndon, VA location.

9.  Leonard Pearson (then age 47), was hired by Defendant on July 8, 2002 as a Sales Director at its Herndon, VA location. Pearson met Defendant's legitimate performance expectations during his employment. In October 2003 Defendant demoted Pearson from his position as a Sales Director to a Sales Manager. The demotion resulted in a loss of compensation and responsibility for Pearson. Pearson had not been counseled or warned about poor performance or any other conduct which could have resulted in a demotion prior to his actual demotion in October 2003. At the time of his demotion, Pearson's performance was better than

at least one other Sales Director who was under the age of 40 at the time of Pearson's demotion, but who was not demoted

10. Beginning in or around May 2003, all new Account Executives in Defendant's mid-Atlantic region (Virginia, New Jersey, Pennsylvania, Delaware, Maryland, and the District of Columbia) were hired through a single Recruiter for Defendant (hereafter "the Recruiter") who reported directly to Defendant's Vice President of Sales. Pearson observed the Recruiter making ageist comments regarding his hiring strategies such as the company was on a "youth movement" and was looking for candidates to hire for the sales department who were "young and fit." Pearson also heard the Recruiter making disparaging remarks about employees' age such as "we don't want anyone over 40 and pudgy;" and "we need the look, young and athletic."

11. Between approximately June 2003 and September 2003, Pearson complained several times to Defendant's management about the Recruiter making age based comments and using age as a criterion for hiring sales staff. In October 2003, a few days after Pearson's September 2003 complaint to Defendant about the Recruiter making age based comments and using age as a hiring criterion, Pearson was demoted to Sales Manager. Pearson resigned in December 2003 from the Sales Manager position

12. <u>Benjamin Heaney.</u> Beginning in or around October 2003 and continuing until February 2006, Defendant engaged in unlawful employment practices at its Herndon, VA location in violation of Section 4(a)(1) and 4(d) of the ADEA, 29 U.S.C. § 623(a)(1) and §623(d).. Specifically, Defendant subjected Benjamin Heaney to adverse employment action because of his age and in retaliation for engaging in protected activity when it demoted him from his position of Sales Manager to Key Account Manager, subjected him to disciplinary actions by

issuing to him a corrective action form and a corrective action plan, reduced his commissions, and terminated his employment from the position of Key Account Manager.

13. Heaney (then age 42) was hired as a Sales Manager in August 2002. On at least two occasions between May 2003 and September 2003, Heaney attempted to hire qualified individuals for Account Executive positions but was told by the Recruiter that the candidate could not be hired because the candidate was 40 years of age or older.

14. Heaney complained more than once beginning in or around June 2003 to Defendant about the Recruiter making comments indicating a preference for "young" (under age 40) candidates for sales positions, and that the Recruiter would not let him hire qualified candidates because of the candidate's age. In or around October 2003, Defendant demoted Heaney from his Sales Manager position to Key Account Manager. At the time of his demotion, and throughout his employment, Heaney met Defendant's legitimate performance expectations. Also, at the time of his demotion, Heaney's performance was better than at least one other Sales Manager who was under the age of 40, and who was not demoted. Heaney's demotion resulted in a loss of commissions/compensation and responsibility for Heaney. Heaney had not been counseled or warned about poor performance or any other conduct which could have resulted in a demotion prior to his actual demotion in October 2003.

15. In addition to opposing Defendant's hiring practices which Heaney believed to be unlawful under the ADEA, Heaney participated in a proceeding under the ADEA of a former co-worker beginning in April 2004 and continuing until December 2005. Moreover, Heaney filed a charge of discrimination based on age in July 2004 and amended the charge twice. The charge of discrimination and amendments were all served on Defendant and were investigated. Soon after Heaney engaged in the protected activity set forth above, he was disciplined in May 2004;

had two of his largest accounts removed resulting in loss of sales commissions in or around August 2005; placed on a performance corrective action plan in November 2005; and discharged in February 2006.

16. More specifically, in May 2004 Defendant issued Heaney a corrective action form (disciplinary notice) for being late one time to a staff meeting in May 2004 and for waiving a customer fee approximately four months earlier, in January 2004. Defendant did not follow its progressive disciplinary policy when it issued Heaney the May 2004 corrective action form. In August 2005 Defendant removed two key accounts from Heaney's responsibility which resulted in reduced commissions. In November 2005, Heaney was placed on a performance corrective action plan and subsequently discharged in February 2006. Heaney's performance exceeded that of at least one other Key Account Manager who was younger than 40 years old (34 or 35 years of age) at the time Heaney was issued the corrective action plan. Said Key Account Manager, unlike Heaney, was not disciplined or discharged when Heaney was disciplined and discharged.

17. <u>Class failure to hire allegation.</u> Beginning around May 2003 and continuing, Defendant engaged in unlawful employment practices in its mid-Atlantic region in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). Specifically, Defendant has engaged in a pattern or practice of age based discriminatory hiring practices that adversely affect the employment opportunities of individuals age 40 and over. Specifically, Defendant continuously failed and refused to hire qualified applicants who were age 40 and over for its Account Executive positions within Defendant's mid-Atlantic region. Defendant's Recruiter indicated verbally or in writing that the company was looking for candidates to hire for its Account Executive positions who were "young and fit," and/or in their "early 20s or 30s." Defendant advertised for candidates who were "recent college graduates." Defendant's Recruiter emailed

staff asking "how do we gear towards younger employees?" and offered a $500 bonus for referral of a "friend's younger brother or sister." As a result of these discriminatory recruitment and hiring practices, from at least 2003 and continuing, Defendant has maintained a workforce that under-represents individuals age 40 and over in all of its Account Executive positions in its mid-Atlantic region.

18. <u>Recordkeeping violation.</u> In addition, since at least May 2003, Defendant has violated Section 7(a) of the ADEA, 29 U.S.C. § 626(a) and the Commission's Regulations set forth at 29 C.F.R. § 1627.3, by failing to make and preserve records required by the Commission necessary to the Commission's administration of the ADEA. Such records include but are not limited to, certain applications for employment, resumes, cover letters, and other hiring process-related documents for Defendant's sales positions.

19. The effect of the practices complained of above has been to deprive Leonard Pearson of equal employment opportunities and to otherwise adversely affect his status as an employee because of his age and/or because he engaged in protected activity.

20. The effect of the practices complained of above has been to deprive Benjamin Heaney of equal employment opportunities and to otherwise adversely affect his status as an employee because of his age and/or because he engaged in protected activity.

21. The effect of the practices complained of above has been to deprive applicants age 40 and over of equal employment opportunities and to otherwise adversely affect their status as applicants and future employees because of their ages.

22. The unlawful employment practices complained of above were intentional.

23. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Pearson and Heaney.

25. The unlawful employment practices complained of above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against persons age 40 and over, including rejecting applicants based on age or refusing to provide equal employment opportunities as required by the ADEA, and any other employment practice which discriminates on the basis of age.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees, applicants and former employees for engaging in conduct protected by ADEA, including but not limited to participating in proceedings under the ADEA.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals age 40 and over, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to implementing a policy that prohibits age discrimination and conducting training regarding such policy.

D. Order Defendant to pay Leonard Pearson appropriate back pay in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant to pay Benjamin Heaney appropriate back pay in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

F. Order Defendant to pay a class of applicants age 40 and over who were denied hire into its Account Executive positions back pay in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

G. Order Defendant to make whole Leonard Pearson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

H. Order Defendant to make whole Benjamin Heaney by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

I. Order Defendant to make whole Leonard Pearson by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, humiliation, frustration, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

J. Order Defendant to make whole Benjamin Heaney by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, humiliation, frustration, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

K.  Order Defendant to pay Leonard Pearson punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

L.  Order Defendant to pay Benjamin Heaney punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

M.  Order Defendant to preserve employment records in compliance with the requirements of the Commission's Regulations.

N.  Order such other relief in connection with the proceedings and trial of this action as is appropriate based on Defendant's failure to preserve personnel and employment records as required by law, including but not limited to charging the jury with adverse inference instructions regarding records no longer available due to Defendant's failure to comply with the ADEA and 29 C.F.R. §1627.3 or other improper disposition of evidence.

O.  Grant such further relief as the Court deems necessary and proper in the public interest.

P.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 17th day of September, 2010.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
Equal Employment Opportunity Commission
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

TRACY HUDSON SPICER
Supervisory Trial Attorney

EDWARD O'FARRELL LOUGHLIN
Trial Attorney
Washington Field Office
131 M Street, N.E., Suite 4NW02F
Washington, DC 20507
edward.loughlin@eeoc.gov
Phone: (202) 419-0748
Fax: (202) 419-0739
Virginia State Bar No. 70182